**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Amela D., | Case No. 2:25-cv-00489-DJA |
| Plaintiff, | |
| v. | **Order** |
| Frank Bisignano,[1] Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff Amela D.'s motion for reversal of the Administrative Law Judge's ("ALJ") decision regarding her Social Security appeal and for award of benefits. (ECF No. 9). The Commissioner filed a response brief. (ECF No. 13). Plaintiff filed a reply. (ECF No. 14). Because the Court finds that the ALJ erred, but that reversal and remand for further proceedings rather than for award of benefits is appropriate here, the Court grants in part and denies in part Plaintiff's motion. The Court finds these matters properly resolved without a hearing. LR 78-1.

## BACKGROUND

### I. Procedural history.

Plaintiff filed applications for a period of disability and disability insurance benefits alleging an inability to work since September 7, 2021. (ECF No. 9 at 3). The Commissioner denied the claim by initial determination and reconsideration. (*Id.*). Plaintiff requested a hearing before an ALJ on February 8, 2023. (*Id.*). The Commissioner appointed ALJ Kathleen Kadlec to preside over the matter. (*Id.*). The ALJ conducted a hearing on October 5, 2023. (*Id.*). The ALJ published an unfavorable decision on February 28, 2024. (*Id.*). The Appeals Council denied

---

[1] Frank Bisignano is now the Commissioner of Social Security and is substituted as a party.

Plaintiff's request for review on January 15, 2025, making the ALJ's decision the final decision of the Commissioner. (*Id.*).

**II.     The ALJ decision.**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a). (AR 42-60). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 7, 2021, the alleged onset date. (AR 45). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, status post-fusion; and (history of) deep vein thrombosis ("DVT"). (AR 45). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 48). In making this finding, the ALJ considered listings 1.15, 1.16, and 11.14. (AR 48).

At step four, the ALJ found that Plaintiff,

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), with the following limitations: she is able to lift and/or carry, push and/or pull, 20 pounds occasionally, 10 pounds frequently; stand and/or walk 6 hours in an 8-hour workday; sit 6 hours in an 8-hour workday[2]; frequently stoop, occasionally climb ramps, stairs, and ladders, kneel, crouch, and crawl, but cannot climb ropes or scaffolds; can occasionally work around moving mechanical parts, in extreme cold or heat, vibration, and operate a motor vehicle, but can never work at unprotected heights.

(AR 48).

At step five, the ALJ found that Plaintiff is capable of performing past relevant work as a school crossing guard. (AR 57). The ALJ also found that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, including sub assembler, assembler electrical, battery assembler, mail clerk, office helper, and storage facility rental clerk. (AR 58-59).

---

[2] The ALJ's RFC includes the following footnote: "*See also* SSR 83-10."

**STANDARD**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhard*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action…brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying, or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the

Commissioner's interpretation.  *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

### DISABILITY EVALUATION PROCESS

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995).  To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  More specifically, the individual must provide "specific medical evidence" in support of her claim for disability.  20 C.F.R. § 404.1514.  If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy.  *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920).[3]  If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).  Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b); 20 C.F.R. § 416.920(a)(4)(i).  SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit.  20 C.F.R. § 404.1572(a)-(b).  If the individual is engaged in SGA, then a finding of not disabled is made.  If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic

---

[3] 20 C.F.R. § 404 addresses federal old-age, survivors, and disability insurance while 20 C.F.R. § 416 addresses supplemental security income for the aged, blind, and disabled.  However, the five-step evaluation process under either section is the same.

work activities.  20 C.F.R. § 404.1520(c); 20 C.F.R. § 920(a)(4)(ii).  An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work.  20 C.F.R. § 404.1521; 20 C.F.R.§ 920(c); *see also* Social Security Rulings ("SSRs") 85-28.   If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made.  If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526; 20 C.F.R. § 416.920(a)(4)(iii).  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509; 20 C.F.R. § 416.909), then a finding of disabled is made.  20 C.F.R. § 404.1520(h); 20 C.F.R. § 416.920(a)(4)(iii).  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's RFC, which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.  *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p.  In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. § 404.1529; 20 C.F.R. § 416.945; *see also* SSR 16-3p.  To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record.  The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and 20 C.F.R. § 416.913(a)(2).

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f); 20 C.F.R. § 416.920(a)(1)(iv). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565; 20 C.F.R. § 416.960(b)(1)(i). If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

Step five requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g); 20 C.F.R. § 416.920(a)(4)(v). If she can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

## ANALYSIS AND FINDINGS

I.    **Whether the ALJ provided specific, clear and convincing reasons in rejecting Plaintiff's testimony.**

    *A. The parties' arguments.*

Plaintiff argues that the ALJ failed to provide specific, clear and convincing reasons for rejecting her testimony regarding her back pain and how it affects her life. (ECF No. 9 at 7). Plaintiff argues that, instead of pointing to specific portions of the record, the ALJ simply summarized the evidence, asserting that Plaintiff showed improvement in the years following her December 29, 2021, lumbar surgery. (*Id.* at 7-8). Specifically, Plaintiff asserts, the ALJ noted that by March of 2023, Plaintiff reported achieving 40%-50% percent pain relief with medication and could walk a mile per day. (*Id.*). But Plaintiff argues that really, her records show that she required physical therapy, at-home exercises, and spinal injections post-surgery and that despite

these efforts, her pain would only improve somewhat initially and then worsen. (*Id.* at 8-10). Plaintiff argues that the ALJ's reliance on her isolated, one-time report of walking a mile per day to discount her testimony was error both because it ignored the longitudinal record and because it ignored Plaintiff's continual treatment with pain management after that report. (*Id.* at 10-12). Plaintiff asserts that her records show persistent symptoms, fluctuating pain levels, and substantial functional limitations, not the sustained improvement on which the ALJ relied to reject her testimony. (*Id.* at 12).

The Commissioner counters that the ALJ appropriately rejected Plaintiff's symptom testimony for three reasons. (ECF No. 13 at 5). First, because Plaintiff's improvements with treatment were well documented and at odds with her claims of debilitating pain. (*Id.* at 5-8). The Commissioner points to portions of the record in which Plaintiff reported improving after surgery (*Id.*) (citing AR 594), reporting less pain after physical therapy (*Id.*) (citing AR 797), and where doctors noted that Plaintiff "benefited from improved ability to function on [her] medication regimen" (*Id.* at 6-7) (citing AR 1095). And even though Plaintiff was able to point to some evidence of regression after treatment, the Commissioner argues that where the evidence can support more than one rational interpretation, the Court must defer to the Commissioner. (*Id.* at 7-8). Second, the Commissioner argues that Plaintiff's subjective statements were inconsistent with the objective medical evidence of records showing that Plaintiff was in no acute distress, maintained full strength, and that Plaintiff's spinal surgery hardware was well positioned. (*Id.* at 8). Third, the Commissioner asserts that Plaintiff's conservative approach to her treatment undermines her subjective complaints. (*Id.* at 9). The ALJ points out that Plaintiff repeatedly declined trialing a spinal stimulator and instead used more conservative treatments. (*Id.*).

Plaintiff reiterates in reply that the ALJ did not identify which specific portions of Plaintiff's testimony were not credible or what evidence undermined them. (ECF No. 14 at 2). Regarding the Commissioner's first point, Plaintiff asserts that her records did not show improvement, but fluctuation and eventual worsening. (*Id.* at 2). She argues that the Commissioner's reliance on these records to show improvement demonstrates that the ALJ also selectively cited the record rather than fulfilling her duty to consider all relevant evidence in the

record.  (*Id.*).  Regarding the Commissioner's second argument—that Plaintiff's subjective statements were inconsistent with the objective medical record—Plaintiff argues that the ALJ's purported rationale is legally insufficient because 20 C.F.R. § 404.1529(c)(2) provides that ALJs "will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms may have on your ability to work solely because the available objective medical evidence does not substantiate your statements." (*Id.* at 6).  So, Plaintiff asserts, the lack of medical evidence cannot be the sole basis for discounting her pain testimony.  (*Id.*).  Regarding the Commissioner's third argument—that Plaintiff opted for conservative treatment—Plaintiff argues that her treatment was actually extensive.  (*Id.* at 4-5).  Plaintiff points out that she underwent lumbar surgery—an aggressive intervention—and then engaged in extensive treatment of physical therapy, acupuncture, pain management, opiates, and injections.  (*Id.*).  And she did not reject the spinal stimulator without reason, but because she feared that further surgical intervention would be unsuccessful, just like her lumbar surgery.  (*Id.* at 5).

### B.    Analysis.

The ALJ must make two findings before the ALJ can find a claimant's pain or symptom testimony not credible.  42 U.S.C. § 423(d)(5)(A) (explaining that "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability" absent additional findings).  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)).  Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide "specific, clear and convincing reasons for" rejecting the claimant's testimony regarding the severity of the claimant's symptoms.  *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014).

"An ALJ's vague allegation that a claimant's testimony is not consistent with the objective medical evidence, without any specific findings in support of that conclusion is

insufficient for our review." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102-1103 (9th Cir. 2014). (internal quotations omitted). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Id.* It is not enough for an ALJ to state their non-credibility conclusion and then summarize the medical evidence for their RFC determination. *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015).

Here, the Court finds that the ALJ did not provide sufficient, clear, and convincing reasons for finding Plaintiff's testimony not credible. The ALJ first noted that, regarding her back pain, Plaintiff testified that she is unable to work because she is in pain and not reliable, must take morning walks with breaks, can only be on her feet for twenty to thirty minutes, has difficulty sitting, needs to lie down with her legs elevated at least twice per day, and experiences pain at a level of six to seven out of ten even with medications. (AR 49). The ALJ provided four reasons for discounting this testimony before summarizing the evidence: (1) Plaintiff's surgery was "largely successful"; (2) Plaintiff's post-surgery exams and imaging was normal; (3) Plaintiff reported improvements post-surgery compared to pre-surgery; (4) Plaintiff underwent routine and conservative post-surgery treatment with no significant medication changes and with Plaintiff declining a spinal cord stimulator. (AR 49). Later in the decision, when discussing the RFC, the ALJ also noted that "[t]he reported pain relief is just not consistent with extreme difficulty sitting and needing to lie down to relieve pain such that the claimant would be off task more than allotted in an 8-hour workday." (AR 55).

The ALJ's reasons are similar to those that the Ninth Circuit found to be insufficient in *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). There, the ALJ determined that the claimant's testimony was "less than fully consistent with the evidence" for four reasons: (1) that the claimant had "not generally received the type of medical treatment one would expect for a totally disabled individual"; (2) that the record reflected significant gaps in treatment and infrequent trips to the doctor for the allegedly disabling symptoms; (3) that the claimant's use of medication did not suggest disabling impairments; and (4) that medications have been relatively effective in controlling the claimant's symptoms. *Lambert*, 980 F.3d at 1270. The Ninth Circuit

found those reasons insufficient because, "the ALJ never identified *which* testimony she found not credible, and never explained *which* evidence contradicted that testimony." *Id.* at 1277 (citing *Brown-Hunter*, 806 F.3d at 494). The court further noted that "[a]lthough the ALJ did provide a relatively detailed overview of [the claimant's] medical history, 'providing a summary of medical evidence…is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible.'" *Id.* at 1278 (quoting *Brown-Hunter*, 806 F.3d at 494).

While the reasons that the ALJ provided here are more descriptive than those in *Lambert*, they still do not identify the portions of Plaintiff's testimony—pain even with medication, her inability to be on her feet for more than thirty minutes, difficulty sitting, or needing to lie down—that the ALJ asserts they contradict. While the ALJ does reference Plaintiff's difficulty sitting and needing to lie down when addressing the RFC, the ALJ did not explain which evidence contradicts that testimony other than generally referencing Plaintiff's reported pain relief. This explanation is particularly absent because, as Plaintiff points out, her relief with various treatment modalities fluctuated. Indeed, her records show that surgery was initially successful, but then her pain returned and she required other interventions like physical therapy and injections. (AR 1269-1291). And although certain of those records support the ALJ's reasoning, the credibility determination is "exclusively the ALJ's to make," and the Court is "constrained to review the reasons the ALJ asserts." *Lambert*, 980 F.3d at 1278 (quoting *Brown-Hunter*, 806 F.3d at 494). The Court therefore finds that the ALJ erred in rejecting Plaintiff's testimony.

## II.    Whether reversal and remand for further proceedings or for award of benefits is appropriate.

Plaintiff argues that reversal and remand for payment of benefits is the appropriate remedy to address the ALJ's failure to provide sufficient reasons for rejecting her testimony. The Court does not find this to be the case. When evaluating whether this case presents the "rare circumstances" justifying a reversal and remand for payment, the court normally applies a three-step test. *Treichler*, 775 F.3d at 1100-01. First, the court asks whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* Second, if the ALJ has erred, the court asks whether the record has been fully developed, whether there are outstanding issues that

must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful. *Id.* Third, if the court concludes that no outstanding issues remain and further proceedings would not be useful, the court may find the relevant testimony true as a matter of law and then must determine whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding. *Id.* When all three elements of the test are satisfied, a case raises the "rare circumstances" that allow the court to exercise its discretion to depart from the ordinary remand rule and to award benefits. *Id.* at 1101-1102. However, even when those "rare circumstances" are present, the decision whether to remand a case for additional evidence or simply to award benefits is in the court's discretion. *Id.*

Here, this case does not present the rare circumstances that would justify a reversal and remand for payment. Plaintiff asks the Court to reverse and remand for payment on the issue of the ALJ's consideration of the Plaintiff's testimony. However, even though the ALJ erred by discounting Plaintiff's testimony without sufficient reasoning, there are outstanding issues that must be resolved before determining that Plaintiff is disabled. For example, there is the outstanding issue that certain of Plaintiff's records indicate improvement or normal findings inconsistent with certain of her testimony. Further administrative proceedings would be useful in resolving these issues.

Because there are outstanding issues that further administrative proceedings could address, the Court cannot find that the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding. So, the Court denies Plaintiff's request that the Court credit her testimony as true and award benefits and instead remands the case for further proceedings.

///

///

///

**IT IS THEREFORE ORDERED** that Plaintiff's motion (ECF No. 9) is **granted in part and denied in part.** It is granted in part regarding Plaintiff's request that the Court reverse the ALJ's decision. It is denied in part regarding Plaintiff's request that the Court reverse and award benefits.

**IT IS FURTHER ORDERED** that this matter is remanded for further proceedings so that the ALJ may further develop the record regarding the ALJ's rejection of Plaintiff's testimony.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: January 14, 2026

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE